**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| KYLE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  1:10-cv-3081 |
| vs. ) | |
| ) | |
| AMERICAN CREDIT & ) | |
| COLLECTIONS, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, KYLE CAMPBELL, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, AMERICAN CREDIT & COLLECTIONS, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Sykesville, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Pennsylvania, which is not licensed to do business in Maryland and which has its principal place of business in Taylor, Pennsylvania.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the calendar year of 2010, Defendant's representatives and/or employees, including, but not limited to individuals who represented themselves as Bernard Davis (hereinafter "Davis") and Shelly (last name unknown), began contacting Plaintiff by telephone multiple times at home and also at his place of employment in attempts to collect the aforementioned alleged debt.

8. Defendant's representatives and/or employees continued to contact Plaintiff by telephone at his place of employment even after Plaintiff informed the callers that Plaintiff's employer did not allow Plaintiff to receive calls of a personal nature while at work.

9. During the aforementioned telephone calls Defendant's representatives and/or employees also:

    a. Implied that non-payment of the alleged debt is a crime;

      b.      Falsely represented that they were calling from a legal department, thus implying that they were attorneys and/or were communicating on behalf of an attorney(s);

      c.      Used obscene, profane and/or abusive language, including but not limited to calling Plaintiff a "f---ing loser" and a "lowlife;" and

      d.      Threatened to send the police out to arrest Plaintiff and to serve him with a garnishment.

10.    At this time, Plaintiff is not aware of any legal action having been initiated against him with respect to the alleged debt.

11.    In addition, during a telephone conversation with Plaintiff on or about February 20, 2010, Davis told Plaintiff that he was calling from "Absolute Account Receivables" and used abusive language with Plaintiff, including but not limited to calling Plaintiff a "liar" and "worthless" and telling Plaintiff that he "had nothing."

12.    On or about April 23, 2010, Defendant was advised in writing that Plaintiff was now represented by the undersigned counsel.

13.    On or about May 4, 2010, Defendant's attorney mailed a letter to the undersigned counsel regarding the alleged debt and mailed a copy of said letter to Plaintiff.

14.    In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

      a.      Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3);

b. Using obscene or profane language and language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

c. Causing a telephone to ring and engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

e. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

g. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

h. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

i. Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14);

        j.        Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

        k.        By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KYLE CAMPBELL, respectfully prays for a judgment against Defendant as follows:

        a.        Statutory damages of $1,000.00 for each violation of the FDCPA;

        b.        All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

        c.        Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

<u>/s/ Mitchel E. Luxenburg</u>
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com